## LAMOTT *v.* BUTLER *et al.*

WHERE B. sells and delivers to C. certain personal property, with an agreement then made that C. is to resell and redeliver upon B.'s executing and delivering to C. certain notes, and B. subsequently tenders these notes and demands the property, and C. refuses to take the notes or surrender the property, and the whole transaction on the part of C. was a fraud, his intention being to get hold of and keep the property : *Held,* that the tender of the notes did not vest the ownership thereof in C., and that he cannot sue on them ; that the fraud takes the case out of the rule that a tender of specific personal property vests the title thereto in the tenderee.

The answer in this case sufficiently presents the question of fraud.   See facts.

APPEAL from the Sixth District.

The facts on the merits appear in the opinion of the Court and the cases referred to therein.

The complaint contained simply the usual averments in a suit on a promissory note made by defendants to the order of Collins, and by him endorsed to plaintiff.

The answer admits that defendants signed their names to the note, but denies that they ever delivered it to Collins ; and avers that they " were induced to sign their names to said note by and through the false and fraudulent representations and deceptions of said C. J. Collins; that no consideration whatever was given .by said Collins for said note, and none whatever was received by these defendants therefor." The answer then avers the agreement between the parties as stated in *Butler* v. *Collins,* 12 Cal., and that defendants tendered the notes which Collins refused, etc. ; that he wrongfully. and unlawfully procured the same from the files of the Clerk's office of this Court, where they were filed as a portion of the testimony introduced by these defendants in the case of *A. J. Butler* and *E. J. Butler* v. *C. J. Collins."*

It was admitted on the trial that Collins obtained the note sued on from the files of the Sixth District Court, where it had been put in evidence on the trial of *Butler* v. *Collins,* upon an order of that Court, and that plaintiff took the note with full knowledge of all the facts.    On the question of fraud, defendants introduced in evi-

Lamott *v.* Butler.

dence the record and the opinion of the Supreme Court in *Butler* v. *Collins*, reported in 12 Cal.

The case was tried before the Court without a jury. Judgment for defendants. A new trial was subsequently granted, the judge below holding upon reconsideration that the evidence did not prove the defenses of fraud or want of consideration in the notes ; that the verdict of the jury in the suit in 12 Cal., though it probably established fraud in respect to the bill of sale from Butler to Collins, and the possession of the latter, did not necessarily find fraud in respect to the substituted agreement to make, and the execution of the notes by defendants ; and hence that the notes are not, in this case, shown to be invalid, and that the tender of them by defendants to Collins, amounted to a delivery. Defendants appeal from the order granting a new trial.

*Robinson, Beatty & Heacock,* for Appellants.

1. The judgment in the case of *E. J.* and *A. J. Butler* v. *Collins* was conclusive upon the question of Collins' fraud, and this canceled any obligation made by the Butlers to Collins.

2. There never was any delivery of that obligation of the Butlers to Collins.

3. The tender of the note by the Butlers to Collins being made on condition that he (Collins) would surrender the bill of sale executed by E. J. Butler, and redeliver possession of the goods— both of which he refused to do—no title to the obligation passed to him by such tender.

4. The execution of the notes and this obligation were so connected with the procurement of the delivery of possession of the goods, that if the bill of sale and possession were fraudulently procured, the same fraud would invalidate the notes, by whatever means they might come into the hands of Collins.

5. The possession of this obligation was fraudulently obtained by Collins. The same having been placed on the files of the Court by the Butlers, it was their property, and not Collins', whenever withdrawn therefrom. (*Butler* v. *Collins*, 12 Cal. 457 ; *Collins* v. *Butler*, 14 Cal. 223, and the authorities there cited.)

6. The answer sufficiently pleads the fraud. The authorities

are conflicting, but the sense of the best is that, under a general plea of fraud, or without any plea of fraud, under the general denial that the note sued on is the note of defendant, he may prove such fraud as renders the note absolutely and *totally void ab initio.* (1 Van Santvoord's Pl. 424–5; 1 Chitty Pl. 360, 483, 502; *Keyes* v. *Powell,* 2 A. K. Marsh. 254.)

7. Want and failure of consideration were well pleaded. (3 Bibb. 26; 4 Id. 67; 1 A. K. M. 602.)

*Heydenfeldt,* for Respondent.

1. The contract between Collins and Butler was not decided in *Butler* v. *Collins* (12 Cal.) to be fraudulent; it was a fair contract, surrounded with good considerations from each party to the other. What was decided to be fraudulent on the part of Collins, was the intention not to fulfill the contract, and the refusal to perform it, taken together. The Butlers recovered alone upon the ground that · they had fulfilled the conditions precedent to the sale of the goods, to wit: the making and tendering the notes; if so, Collins owns the notes which were tendered and which constituted that fulfillment.

2. The tender of the notes was the fulfillment of the Butlers' part of the contract, and changed the property in the notes and vested the title to them in Collins. For wherever specific property is tendered and refused, and so remains in the hands of the tenderer, he is the bailee for the tenderee, and holds it subject to the tenderee's order. (2 Kent, 509; 2 Cow. Treatise, 245; 262, 3; Chipman on Cont. 77; *Smith* v. *Loomis,* 7 Cow. 115; *Rix* v. *Strong,* 1 Root, 55; *Mitchell* v. *Merrill,* 2 Blackf. 89; 8 Johns. 478; *Barney* v. *Bliss,* 1 Chip. 409; 24 Vt. 541.)

3. The notes having become the property of Collins by the tender, nothing could divest his title except payment, and this is not pretended. The defendants cannot allege, as against their liability, Collins' fraud· in depriving them of the goods, because they have sued for and recovered the value of the goods.

4. Upon the answer alone in this case we are entitled to judgment. It not only shows no defense, but sets up every fact necessary to show the plaintiff's perfect right to recover.

*Geo. R. Moore,* also for Respondent.

1. The fraud, if any, is not well pleaded. The facts and circumstances are not set out. (*Davis* v. *Robinson*, 10 Cal. 411; *Brereton* v. *Hull*, 1 Denio, 75; *Dye* v. *Dye*, 11 Cal. 166; *Mean* v. *Moorewood*, 5 Sandf. 557; *Thomas* v. *Drummond*, 12 How. 321; *Russell* v. *Glass*, 7 Barb. 482; *Gushee* v. *Leavitt*, 5 Cal. 160.)

2. The former suit of *Butler* v. *Collins* did not establish fraud in the execution of the notes, but simply as to the bill of sale. The validity of the notes was not discussed. (*Butler* v. *Collins*, 12 Cal.)

3. By the tender of the notes from Butler to Collins they vested in the latter. (*Lamb* v. *Lathrop*, 13 Wend. 96; *Slingerland* v. *Morse*, 8 Johns. 478; Chipman on Cont. 77, 89; 2 Kent, 398–9; *Smith* v. *Loomis*, 7 Conn. 115; *Curtis* v. *Greenbanks*, 24 Vt. 561; *Des Arts* v. *Leggett*, 16 N. Y. 584, 588 and cases cited.)

4. If the note sued on was obtained by fraud, defendants, in order to avoid the note on that ground, must surrender to Collins what they received, to wit: the stock of goods. They cannot rescind the contract and yet have the benefit of it. (*Ayers* v. *Howell*, 19 Me. 281; *Cushman* v. *Marshall*, 21 Id. 122; *Porter* v. *Titcomb*, 22 Id. 306; *Kimball* v. *Cunningham*, 4 Mass. 502; *Conner* v. *Henderson*, 15 Mass. 319 and note; 1 Story on Cont. 589, sec. 497; *Masson* v. *Bovet*, 1 Denio, 69; 2 Parsons on Cont. 278 and authorities cited in note; *Burton* v. *Stewart*, 3 Wend. 236; *Leggett* v. *Cooper*, 2 Starkie, 103; *Lewis* v. *Cosgrove*, 2 Taunt. 2; *Campbell* v. *Flemming*, 1 Ad. & El. 40; *Jennings* v. *Gage*, 13 Ill. 610; *Coolidge* v. *Brigham*, 1 Met. 550; *Allen* v. *Webb*, 4 Foster, 278.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

It seems to us that the matters involved in this controversy have heretofore been determined. It is scarcely necessary to repeat here all the facts which appear in the cases of *Butler* v. *Collins* (12 Cal.) and *Collins* v. *Butler* (14 Id.)

It suffices to state that this suit is founded upon the notes tendered by Butler to Collins upon the occasion of the demand made by Butler of Collins, for the repossession of the store and goods

temporarily surrendered into the custody of Collins by Butler upon the agreement and understanding fully recited in the cases referred to. We understand that the effect of the judgment in the first case cited was to declare this whole arrangement a fraud on the part of Collins, the result of which was that no title passed to the goods. It is now insisted that the effect of the tender of these notes, whether accepted by Collins or not, was to vest in Collins the property in them, and that he may enforce them as he could any other valid securities. But the fraud imputed and found was not in Collins' refusing to accept these notes. It was in inveigling Butler into this arrangement, substituting the contract evidenced by these notes for the old notes, and under pretense of giving him the benefit of this last contract, getting possession of the goods. It is true that the refusal to take the notes and carry out the contract was proof of this fraud, but only proof going to show the original and antecedent fraudulent intent. The effect of the fraud was to make void the whole arrangement, leaving, of course, the first contract in full force. This fraud, therefore, avoided as well all right to recover on the notes tendered, as Collins' title to the goods. The only consideration for the notes to Butler was the redelivery of the goods and the surrender of the old note; but this delivery and surrender Collins refused to make. Collins never had any right to these notes; the tender was made to enable Butler to get his goods restored and to take up the old note, and Collins could not refuse his part of the contract, and insist on Butler's compliance with *his* part. Upon the refusal of compliance by Collins, the notes became, even if they were not before, without consideration: they were never received or delivered in fact. As soon as Butler discovered, either from the conduct of Collins or otherwise, the fraud practiced upon him, he had a right to insist on the fraud in avoidance of the whole arrangement—the delivery of the goods or the bill of sale, and the new notes—and this fraud avoided the entire transaction in all its parts, leaving the relations and rights of the parties where they were before. This left the old contract in force, and it may still, for anything we can see, be enforced.

The authorities cited by the counsel for respondent have no application to such a case. Conceding the effect of a tender to be as

Lamott *v.* Butler.

stated, the principle can never be extended to a case where the tenderer has no knowledge at the time of a fraud practiced upon him by the other party. If a man tenders another his notes, according to contract previously made, in payment for a horse, and the tenderee refuses to take the notes, but afterwards demands them, would the tenderer be bound to give or pay them, if he, in the meantime, discovered that the horse was stolen? If this pretension could be maintained, it would follow that the perpetrator of the fraud could successfully set it up by the mere fact of the faithful performance of the contract by the other party, made, too, in entire ignorance of this fraud committed by the first. The whole case then comes to this: it is found that Collins resorted to a subterfuge to get possession of goods owned by Butler; this was to get from Butler the goods under the assurance that the latter should get them back on giving certain notes; relying on this, Butler gets the notes and tenders them. But Collins never intended to let him have them; he accordingly refuses to take the notes; Butler sues for the goods and recovers the value in a suit in which this fraud is found; Collins after this sues on these notes, and insists that the mere tender of the notes by Butler, under the circumstances, vests the title in him, Collins. The answer is, that the tender being induced by the fraud of Collins, cannot be set up by Collins for any purpose; that the notes never having been delivered, Butler, at any time on discovering the fraud, might retract the agreement to deliver them; and that as Butler got nothing for the notes, they are wholly without consideration.

It is not necessary to notice minor points. We think this defense sufficiently presented in the answer and established by the record evidence.

We have assumed the finding of fraud as true. If it be not, the fault is in the verdict in the first case.

Order granting a new trial reversed and cause remanded.